FILED
2005 Mar-22 PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERAMIE RAQUELL HART, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. 03-JFG-RRA-1710-S |
| ] | |
| WARDEN RALPH HOOKS, et al., ] | |
| ] | |
| Respondents. ] | |

## **MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Geramie Raquell Hart, was convicted on June 13, 2001, in the Jefferson County Circuit Court, of two counts of capital murder and two counts of attempted murder. He was sentenced on August 17, 2001, to consecutive terms of imprisonment for life without parole on the capital murder convictions and life on the attempted murder convictions.

On direct appeal, Hart claimed that: 1) the trial court erred in denying his attorney's motion to continue the trial or in the alternative to withdraw; 2) the trial court erred in denying his proffer of evidence regarding the cold temperature as a factor of coercion in obtaining his statement; 3) the trial court erred in denying the motion to suppress his statement; 4) the trial court erred in denying his motion for a judgment of acquittal based on failure to preserve evidence of drug tests ordered by the court; and 5) the trial court erred in denying his attorney an opportunity to seek thorough and sifting cross-examination of Mary Jones concerning the participation of Ashley Jones. The Alabama Court of Criminal Appeals affirmed Hart's conviction and sentence on November 22, 2002. *Hart*

*v. State*, 852 So. 2d 839 (Ala. Crim. App. 2002).  His application for rehearing was overruled on January 24, 2003.  On February 8, 2003, Hart filed an untimely petition for a writ of certiorari in the Alabama Supreme Court.  On February 11, 2003, the Alabama Court of Criminal Appeals issued the certificate of judgment.  On February 27, 2002, Hart filed a motion to consider his petition for a writ of certiorari as timely filed.  On May 13, 2002, the Alabama Supreme Court issued an order denying Hart's motion to consider his petition for a writ of certiorari as timely filed.

Hart filed a petition for a writ of habeas corpus in this court on July 2, 2003.  In support of his petition, Hart claims that: 1) the trial court erred in denying his attorney's motion to continue the trial or in the alternative to withdraw; 2) the trial court erred in denying his proffer of evidence regarding the cold temperature as a factor of coercion in obtaining his statement; 3) the trial court erred in denying the motion to suppress his statement; and 4) the trial court erred in denying his motion for a judgment of acquittal based on failure to preserve evidence of drug tests ordered by the court.

In response to the court's order to show cause, the respondents have filed an answer, in which they argue that the petition is due to be dismissed because it is procedurally barred.
By order of the court, the parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases.  In response, Hart has filed an unsworn traverse.

Hart's claims are procedurally defaulted because he failed to present the claims to the Alabama Supreme Court for review as required by *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-33 (1999).  "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to

raise, by any available procedure, the question presented.'" *Boerckel,* 119 S. Ct. at 1732. To exhaust state court remedies, federal habeas corpus petitioners need only provide the "state courts a fair opportunity to act on their claims." *Id.* The *Boerckel* Court held that in order to satisfy the exhaustion requirement for bringing a habeas corpus petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the State. *Id*. at 1733.

The Eleventh Circuit Court of Appeals has indicated that "there is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule." *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001).

> The Alabama Supreme Court's certiorari review rule gives that court broad discretion over the issues it will review. Among other grounds, certiorari review can be granted to decide issues of first impression; to decide whether an Alabama Supreme Court decision relied upon by the Court of Criminal Appeals ought to be overruled; and to determine whether the Court of Criminal Appeals' decision conflicted with prior decisions of the United States Supreme Court, the Alabama Supreme Court, or the Court of Criminal Appeals itself. [FN5]
>> FN5. Alabama Rule of Appellate Procedure 39(c), as in effect at the time of Smith's direct appeal, provided that:
>> In all other cases [except death penalty cases], civil or criminal, petitions for writs of certiorari will be considered only:
>> . . . .
>> (3) From decisions when a material question requiring decision is one of first impression in Alabama;
>> (4) From decisions in conflict with prior decisions of the United States Supreme Court, the Alabama Supreme Court, or the Alabama courts of appeals; . . . and,
>> (5) Where petitioner seeks to have controlling [Alabama] supreme court cases overruled which were followed in the decision of the court of appeals.
>> Ala.R.App.P.39(c)(1990)(amended 2000). The rule has not been changed in any respect relevant to the Boerckel rule since Smith's direct appeal.
> Any federal law question would fit within one or more of those grounds for certiorari review, and that is particularly true in light of the limitation on federal habeas review

>now contained in 28 U.S.C. § 2254(d). Because the scope of the Alabama Supreme Court's discretionary review on direct appeal is broader than that of the Illinois Supreme Court, which was the court whose review procedures were involved in the *Boerckel* case itself, see 526 U.S. at 845-48, 119 S. Ct. at 1732-34, Alabama convictions and prisoners clearly come within the scope of the *Boerckel* rule.

*Id*. at 1140-41. Additionally, the Eleventh Circuit Court of Appeals has held that the *Boerckel* rule applies to a petitioner's state collateral review process. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Although the petitioner raised these claims on direct appeal, he did not present them in a timely fashion to the Alabama Supreme Court for discretionary review of the denial of the claims. Therefore, the petitioner has not satisfied the exhaustion requirements of § 2254(c) as to his claims. However, because it is now too late for him to return to state court to attempt to exhaust these claims, this court considers the claims to be procedurally defaulted. *Collier*, 910 F.2d at 773.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

>In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the

4

> contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982)(emphasis in original). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Hart claims that his procedural default should be excused because his attorney was constitutionally ineffective in failing to properly present the claims to the Alabama Supreme Court in a petition for a writ of certiorari. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, the claims of ineffective assistance of counsel must not have been defaulted in state court, *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996), and the attorney error must rise to the level of a constitutional violation in order to provide the necessary cause. *McCleskey*

5

*v. Zant*, 499 U.S. 467, 494 (1991). Hart has never presented his ineffective assistance of counsel claims in state court; therefore, they are procedurally defaulted. Because he his ineffective assistance of counsel claims were not properly presented in state court, he may not use those claims as cause to excuse his procedural default.

Hart also makes the conclusory claim that it would be a fundamental miscarriage of justice if the court does not review his claims, because he is actually innocent. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Hart has offered nothing to support his conclusory allegation that he is actually innocent. That is insufficient to meet the requirements of *Schlup*.

Hart has procedurally defaulted his claims.  He has not established cause and prejudice the excuse the default, or that he is factually innocent of the crimes for which he was convicted.  Thus, the petition is due to be dismissed.

An appropriate order will be entered.

DONE and ORDERED 22 March 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.